UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
MICHAEL STANSELL,                              : CASE NO. 1:18-CV-00963
                                               :
      Plaintiff,                               :
                                               :
vs.                                            : OPINION & ORDER
                                               : [Resolving Doc. No. 1]
GRAFTON CORRECTIONAL                           :
INSTITUTION,                                   :
                                               :
      Defendant.                               :
                                               :
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

    *Pro se* Plaintiff Michael Stansell filed this action under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, and § 504 of the Rehabilitation Act ("RA"), 9 U.S.C. § 794(a), against the Grafton Correctional Institution ("GCI"). In the Complaint, Plaintiff alleges the prison replaced the tall tables in the visiting area with shorter tables which he finds more difficult to use for snacks due to his medical condition. He requests this Court order the return of the tall tables and award him monetary damages.

**I. Background**

    Plaintiff alleges that in order to address security concerns, GCI replaced the tall tables in the visiting room with tables that are much smaller and closer to the floor. Plaintiff states visitors and inmates use these tables to hold snacks and beverages. He states he had abdominal surgery in 2013, and he now finds it difficult to bend down to the shorter tables. He indicates

one tall table remained in the room, which he was permitted to use. He filed a request for an accommodation under the ADA for taller tables, but his request was denied due to security concerns. He claims he was denied reasonable accommodation under the ADA and the RA.

## II. Legal Standard

Although the Court does not hold *pro se* pleadings to the same standard as those filed by attorneys, the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact.[1] A claim lacks an arguable basis in law or fact when it is based on an unquestionably meritless legal theory or when the factual allegations are clearly baseless.[2] A cause of action fails to state a claim upon which relief may be granted when it does not contain enough facts to suggest Plaintiff has a plausible claim that entitles him to the relief he seeks.[3] This does not mean a Plaintiff is required to allege the facts of his Complaint in great detail, but he still must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation."[4] A Complaint that offers only legal conclusions or a simple listing of the elements of a cause of action will not meet this standard.[5] When reviewing the Complaint under § 1915(e), the Court must read it in a way that is the most favorable to the Plaintiff.[6]

---

[1] *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Neitzke v. Williams*, 490 U.S. 319 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990).
[2] *Neitzke*, 490 U.S. at 327.
[3] *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009).
[4] *Id.* at 678.
[5] *Id.*
[6] *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

## III. Analysis

The ADA "forbids discrimination against persons with disabilities in three major areas of public life: (1) employment, which is covered by Title I of the statute; (2) public services, programs, and activities of a public entity, which are the subject of Title II; and (3) public accommodations provided by private entities, which are covered by Title III."[7] Because this is not an employment related claim and because it is not asserted against a private entity, neither Title I nor Title III apply in this situation.

Both Title II of the ADA and § 504 of the RA prohibit a public entity from excluding a disabled person from participation in or denying him the benefits of the services, programs, or activities of a public entity, by reason of his disability.[8] The requirements for stating a claim under the RA are substantially similar to those under the ADA, but the RA specifically applies to programs or activities receiving federal financial assistance. Plaintiff, however, has not alleged facts suggesting he was excluded from or denied the benefits of services, programs or activities of GCI. He complains he finds it more difficult to place his snacks and beverages on the shorter tables in the visiting area. Facilities and design features of a room do not qualify as "services" or "activities" under the ADA.[9] The ADA distinguishes between the service and the facility in which it is provided.[10] Plaintiff does not allege the Defendant excluded him from visitation or any service, program or activity of GCI.

---

[7] *Tennessee v. Lane*, 541 U.S. 509, 516-17 (2004).
[8] 42 U.S.C. § 12132
[9] *Babcock v. Michigan*, 812 F.3d 531, 535–36 (6th Cir. 2016).
[10] *Id.*

3

## IV. Conclusion

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[11]

IT IS SO ORDERED.

Dated: July 25, 2018                              *s/    James S. Gwin*
                                                  JAMES S. GWIN
                                                  UNITED STATES DISTRICT JUDGE

---

[11] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.